UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

14 CV 6186

JUDGE OETKEN

Joseph Riley

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

New York City Department of Sanitation

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. Typically, the company or organization named in your charge to the Equal Employment Opportunity Commission should be named as a defendant. Addresses should not be included here.)*

**COMPLAINT
FOR EMPLOYMENT
DISCRIMINATION**

Jury Trial: ☐ Yes  ☒ No
*(check one)*

This action is brought for discrimination in employment pursuant to: *(check only those that apply)*

_____  Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).
*NOTE: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

_____  Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634.
*NOTE: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.*

__X__  Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 - 12117.
*NOTE: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

_____  New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297 (age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic chacteristics, marital status).

_____  New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 131 (actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status).

I. **Parties in this complaint:**

A. List your name, address and telephone number. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff  Name Joseph Riley
Street Address 125 Wadsworth Avenue #51
County, City New York
State & Zip Code New York 10033
Telephone Number 347-500-9516

B. List all defendants' names and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant  Name New York City Department of Sanitation
Street Address 125 Worth Street
County, City New York
State & Zip Code NY 10013
Telephone Number

C. The address at which I sought employment or was employed by the defendant(s) is:

Employer New York City Department of Sanitation
Street Address 125 Worth Street
County, City New York
State & Zip Code NY 10013
Telephone Number

II. **Statement of Claim:**

State as briefly as possible the facts of your case, including relevant dates and events. Describe how you were discriminated against. If you are pursuing claims under other federal or state statutes, you should include facts to support those claims. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. The discriminatory conduct of which I complain in this action includes: *(check only those that apply)*

    ☐ Failure to hire me.
    ☒ Termination of my employment.
    ☐ Failure to promote me.
    ☐ Failure to accommodate my disability.
    ☐ Unequal terms and conditions of my employment.

*Rev. 05/2010*                                                2

_____ Retaliation.

_____ Other acts *(specify)*: _____.

*Note:* Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.

B. It is my best recollection that the alleged discriminatory acts occurred on: 11/07/2013 .
   *Date(s)*

C. I believe that defendant(s) *(check one)*:

   _____ is still committing these acts against me.

   **X** is not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check only those that apply and explain)*:

   ☐ race _____         ☐ color _____

   ☐ gender/sex _____   ☐ religion _____

   ☐ national origin _____

   ☐ age. My date of birth is _____ *(Give your date of birth only if you are asserting a claim of age discrimination.)*

   ☒ disability or perceived disability, Bipolar Disorder _____ *(specify)*

E. The facts of my case are as follow *(attach additional sheets as necessary)*:

The City of New York terminated my employment on November 7th, 2013. I was told by Employee Assistance Unit Director Martin Chestnutt that I was terminated for not having a letter from a psychiatrist stating that I could return to full duty. At no time previous to being terminated was I warned that I would be terminated by a certain date if I did not produce the letter. On November 12th my psychiatrist Dr. Matthew Gudis gave me a letter that stated that I was fit to return to full duty immediately. I gave this letter to Director Chestnutt and he told me that he tried to give it to Deputy Director of DSNY Medical Unit Frank Esposito. Mr. Chetnutt told me that since I was no longer an employee Mr. Esposito would not accept the letter. (continued on additional sheet)

*Note:* As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, the New York State Division of Human Rights or the New York City Commission on Human Rights.

### III. Exhaustion of Federal Administrative Remedies:

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding defendant's alleged discriminatory conduct on: January 16 2014 *(Date)*.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Joseph Riley against New York City Department of Sanitation

(continued from Complaint page 3)

On January 16, 2014 I filed a Complaint with the New York State Division of Human Rights (SDHR Case No.: 10165798, Federal Charge No. 16GB400783.

In its rebuttal the NYC Department of Sanitation gave three reasons for termination: poor driving performance, failure to comply with sick leave rules and displaying unusual behavior at work. In regards to these three charges:

1. I had two accidents while on duty in the first several months of my employment. The first occurred on 11/09/201, my first day on the street with DSNY. After the accident DSNY Bronx 8 Garage Mechanic stated in writing that the truck I was driving had faulty brakes which contributed to the accident. The second accident occurred on 12/22/2011 in the rain. At 850 Edgewater Road. Two FDNY Fire Engines crossed the intersection in front of DSNY Sanitation Worker David Reich who had to stop short to avoid the trucks. My truck slid on the wet pavement into the back of his truck. In both accidents there were no injuries. I believe my inexperience contributed to the accidents. Between 12/22/2011 and 04/03/2013, 16 months, I drove sanitation trucks on full duty without any accidents or violations. I was promoted to Large Wrecker Operator and my License was upgraded from CDL Class B to Class A. If the Department had any issue with my driving why did they promote me? On 04/05/13, 16 months later, I was informed by DSNY Chief of Personnel Costas that my probation was being extended due to the accidents. He told me that this was standard and that my performance reviews were good. Chief Costas also stated that after ninety days if my performance was still good and I had no further accidents I would be given permanent status as a Sanitation Worker. Chief Costas emphasized that the Medical Incident (Manic Episode that I was hospitalized for) on 04/03/2013 had no bearing on my extension of probation. He assured me that when I was well enough to return to work I would. He stated that it was not a disciplinary issue but a medical one. This incident later became the third reason given for my termination above. (displaying unusual behavior at work) The fact that I worked for nearly two after my last accident on 12/22/2011 before my termination on 11/07/2013 indicates that my driving record was not the reason for my termination.

2. From 06/23/2013-07/01/2013 I was hospitalized at Westchester Medical Center. I was placed on Risperdol, Lithium, Cogentin and Trazodone (a sedative). I received a complaint for not being home on 7/12, 7/13 and 7/15/2013. I was in fact home sleeping because of the effects of the temporary medications I was taking after my release from the hospital. I was never called to answer this complaint and explain why I did not answer the door those days. On 07/20/2013 I was returned to modified duty. I was told that as soon as I received a letter form a psychiatrist stating that I could resume full duty I would be resumed. On 08/15/2013, a month later, my probation was extended again. The fact that I was allowed to return to modified duty from 07/20/201-11/07/13, a period of four months, indicates that I was not terminated for failing to comply with sick leave rules.

3. On 04/03/2013, I suffered a manic episode while at work. I was hospitalized until 04/16/2013. As stated above I was assured by DSNY Chief of Personnel Costas that this incident was not disciplinary in nature but medical. After I was discharged I attended St. Lukes Hospital outpatient program five days a week until July 17, 2013 when DSNY Employee Assistance Unit. Director Martin Chestnutt referred me to the Parallax Center in Manhattan on July 17, 2013. I was assured that ther was a psychiatrist there that would write my prescriptions and help me return to work. I was attended Parallax for over a month several Days a week when I found out that the doctor who was treating me, Dr. Douglas Bass was not a psychiatrist. I informed Director Chestnutt that I needed a program with a psychiatrist so that I could obtain a letter to return to full duty. Mr. Chestnutt assured me that Parallax's psychiatrist was on a leave of absence but would return in September. When the psychiatrist did not return I enrolled in the Riverdale Mental Health Associates clinic, which had a psychiatrist, Dr. Matthew Gudis who assured me that he

would give me a note returning me to full duty.   When I informed DSNY Employee Assistance Unit Director Martin Chestnutt of this he told me that he wanted me to return to Parallax because I was doing well there and that they assured him that my needs would be met and that they would get me a psychiatrist I returned to th Parrallax Center for the next month and no psychiatrist was provided.   In the middle of October 2013 I was given permission by Director Chestnutt to go back to Dr. Gudis at Riverdale Mental Health Associates.   Two weeks later I was terminated on 11/07/2013.   This delay of three months at the Parallax Center the key factor in my not getting a note to return to full duty which resulted in my termination.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 6th day of August, 2014.

Signature of Plaintiff

Address    125 Wadsworth Avenue #51
           New York NY 10033

Telephone Number    (347) 500-9516

B.      The Equal Employment Opportunity Commission *(check one)*:

        __X__ has not issued a Notice of Right to Sue letter.

        __X__ issued a Notice of Right to Sue letter, which I received on __05/27/2014__ *(Date)*.

*Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.*

C.      Only litigants alleging age discrimination must answer this Question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct *(check one)*:

        _____ 60 days or more have elapsed.

        _____ less than 60 days have elapsed.

## IV. Relief:

**WHEREFORE**, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, and costs, as follows: __My Job back.__

*(Describe relief sought, including amount of damages, if any, and the basis for such relief.)*

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this __6th__ day of __August__, 20__14__.

                Signature of Plaintiff     *[signature]*

                Address     125 Wadsworth Avenue #51

                            New York NY 10033

                Telephone Number     (347) 500-9516

                Fax Number *(if you have one)*

EEOC Form 161 (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Joseph Riley<br>125 Wadsworth Avenue, Apt. 51<br>New York, NY 10033 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

[ ]    *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16G-2014-00783 | Holly M. Woodyard,<br>Investigator | (212) 336-3643 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]    The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]    Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]    The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]    Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ]    The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X]    The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]    Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____      May 27, 2014
Kevin J. Berry,     *(Date Mailed)*
District Director

Enclosures(s)

cc:
**CITY OF NEW YORK, DEPARTMENT OF SANITATION**
Attn: Theresa Neal, Director
Office of Equal Employment Opportunity
137 Centre Street, Room 505
New York, NY 10013